**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-00008 VAP (DTBx)                                  Date:  January 4, 2013

Title:   FEDERAL HOME LOAN MORTGAGE CORP. V. D. LEIGH AVELING, AN INDIVIDUAL, TIFFANY AVELING, AN INDIVIDUAL, AND DOES 1 THROUGH 10, INCLUSIVE
==============================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

      On January 2, 2013, Defendant D. Leigh Aveling removed this action from the California Superior Court for the County of Riverside.  Defendant alleges the Court has subject-matter jurisdiction to hear this matter pursuant to federal question jurisdiction.  (<u>See</u> Not. of Removal (Doc. No. 1) at 2.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of Riverside.

EDCV 13-00008 VAP (DTBx)
FEDERAL HOME LOAN MORTGAGE CORP. V. D. LEIGH AVELING, AN INDIVIDUAL, TIFFANY AVELING, AN INDIVIDUAL, AND DOES 1 THROUGH 10, INCLUSIVE
MINUTE ORDER of January 4, 2013

    Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

    Defendant alleges the basis for removal is federal question jurisdiction. From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Without a federal question, there is no federal question jurisdiction. Accordingly, the Court REMANDS this matter to the California Superior Court for the County of Riverside.

    **IT IS SO ORDERED.**